OPINION
{¶ 1} Appellant, Darryell L. Warfield, appeals from a final judgment of the Trumbull County Court of Common Pleas convicting him of domestic violence. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On May 29, 2001, the Trumbull County Grand Jury indicted appellant on one count of domestic violence, in violation of R.C.2919.25(A). The indictment included a specification that appellant had a prior conviction for the same offense, which increased the charge from a first-degree misdemeanor to a fifth-degree felony.
 {¶ 3} After appellant entered a plea of not guilty, the matter proceeded to a jury trial beginning on June 25, 2001. During the proceedings, the state presented the following evidence. On the night of April 5, 2001, the victim, appellant's estranged wife, was working in the laundry room of the Washington Square Nursing Home in Warren, Ohio, when appellant entered the room and confronted her about an alleged relationship with another man. The victim testified that appellant approached her, "put his hand close to [her] face," and "lifted up his leg and *** kicked [her] with his knee real hard in [the] right part of [her] thigh and *** leg."
 {¶ 4} Scared, the victim left the laundry room in an effort to escape appellant. Margaret Bowman ("Bowman"), the supervising nurse on duty, heard the commotion and left her station to investigate. She soon saw the victim approaching her with appellant close behind. Bowman testified that the victim was "limping running" and that she was "disarrayed, her hair was all messed, and she was very upset[.]"
 {¶ 5} Bowman placed herself between the couple and warned appellant that if he did not leave the facility she would call the police. Instead of leaving, however, appellant continued to threaten the victim, both verbally and physically, telling her "`that's all right bitch, I know where you live.'" Eventually, one of the other employees called the police and appellant left the nursing home.
 {¶ 6} When the police arrived, Sergeant Martin Gargas of the Warren Police Department spoke to the victim. During their conversation, the victim, who was still obviously upset, told the officer that appellant had "pushed her, kicked or kneed her in one leg, and threatened to kill her." Sergeant Gargas, however, did not observe any visible injuries.
 {¶ 7} Appellant did not present any witnesses or evidence in his own behalf. After considering the evidence, the jury returned a verdict finding appellant guilty of domestic violence. The trial court then sentenced appellant to serve eleven months in prison.
 {¶ 8} From this decision, appellant filed a timely notice of appeal with this court. He now argues under his sole assignment of error that the judgment of the trial court is against the manifest weight of the evidence.
 {¶ 9} When considering a claim that the judgment is against the manifest weight of the evidence, an appellate court must review the entire record, weigh both the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that a new trial must be ordered. Statev. Martin (1983), 20 Ohio App.3d 172, 175. See, also, State v.Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52.
 {¶ 10} "The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. The role of the appellate court is to engage in a limited weighing of the evidence introduced at trial in order to determine whether the state appropriately carried its burden of persuasion. Thompkins at 390 (Cook, J., concurring). The reviewing court must defer to the factual findings of the trier of fact as to the weight to be given the evidence and the credibility of the witnesses. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph two of the syllabus.
 {¶ 11} After carefully considering the record and weighing the evidence presented along with all reasonable inferences, and considering the credibility of the witnesses, we conclude that the jury did not lose its way or create a manifest miscarriage of justice in connection with appellant's conviction. The victim testified that appellant approached her in the laundry room, threatened her, and then either kneed or kicked her in the right leg. The fact that there were no visible injuries or that no one else witnessed the assault does not somehow negate her testimony. Rather, the jury, as the trier of fact, was obligated to assess the victim's testimony and determine its credibility. By finding appellant guilty, the jury obviously believed the victim was telling the truth. Moreover, merely because there may have been some minor inconsistencies between the statements initially given to the police by the victim and Bowman and their trial testimony, these inconsistencies do not undermine the jury's verdict.
 {¶ 12} Pursuant to the foregoing analysis, appellant's sole assignment of error has no merit. The judgment of the Trumbull County Court of Common Pleas, therefore, is affirmed.
DONALD R. FORD, P.J., and DIANE V. GRENDELL, J., concur.